UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHEILA NEGRON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　Defendant. | Case No. 18-CV-02207-LHK<br><br>**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 32 |

On March 25, 2019, counsel for Plaintiff, Ronnie G. Penton and Nancy Hersh[1] (collectively "Movers") filed a motion to withdraw as counsel for Plaintiff. ECF No. 32 (Mot.).

Pursuant to Civil Local Rule 11-5(b), counsel may not withdraw from an action until relieved by order of the Court. Civil Local Rule 11-5(b); *see also Jariwala v. Napolitano*, 2011WL 703730, at *1 (N.D. Cal. Feb. 21, 2011) ("An attorney may not withdraw as counsel except by leave of court."). The decision to permit counsel to withdraw is within the sound discretion of the Court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When

---

[1] Francois M. Blaudeau, Evan Taylor Rosemore, and Leah F. Walsh also move to withdraw as counsel for Plaintiff; however, Blaudeau, Rosemore, and Walsh have not made an appearance in the instant Plaintiff's case and are not on the docket.

1
Case No. 18-CV-02207-LHK
ORDER DENYING MOTION TO WITHDRAW AS COUNSEL WITHOUT PREJUDICE

addressing a motion to withdraw, "the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 3565188, at *1 (N.D. Cal. Sept. 13, 2010). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California." Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Under that rule, before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(A)(2).

The Court finds that Movers have not met these standards. First, Movers have not given their reason for seeking to withdraw as counsel. Second, the Court finds possible prejudice to the Plaintiff. Although Movers notified Plaintiff of their intent to withdraw as her counsel of record, and Plaintiff notified Movers of her intent to retain substitute counsel to continue her representation, Plaintiff has yet to locate her substitute counsel. Mot. ¶¶ 6–9. The Court questions whether Movers have given Plaintiff adequate time for employment of other counsel. The only timeline that Movers provide is that on March 5, 2019, Movers had a telephone conversation with Plaintiff where she stated her intent to retain other counsel; on March 6, 2019, Movers forwarded to Plaintiff a copy of her file; on March 7, 2019, Movers forwarded a letter advising of their intent to withdraw; on March 13, 2019, Plaintiff again advised of her intent to retain other counsel; and on March 15, 2019, Movers sent Plaintiff another correspondence reiterating her rights and communicating that Movers would be filing a motion to withdraw. *Id.* ¶ 8. Plaintiff has not yet obtained substitute counsel nor has Plaintiff confirmed that she would represent herself as a pro se litigant in this action.

The Court also finds that granting Movers' motion to withdraw as counsel at this stage

2
Case No. 18-CV-02207-LHK
ORDER DENYING MOTION TO WITHDRAW AS COUNSEL WITHOUT PREJUDICE

1 would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case.

2 Defendant filed a limited opposition to note that it does not oppose the Movers' motion, "provided

3 that it does not delay the current case schedule." ECF No. 34 ("Opp'n"). Defendant reiterates that

4 "[f]act discovery closes on May 3, 2019, and [Defendant] very much wants to abide by this

5 deadline and to complete all fact discovery by that date." *See id.* Movers suggest that any

6 prejudice would be alleviated by Movers' continued representation of Plaintiff in the sole and

7 limited capacity of forwarding all filed documentation to Plaintiff, until another attorney can enroll

8 on Plaintiff's behalf. *See* Mot. ¶ 9. The Court finds that this does not cure the possible prejudice to

9 Plaintiff and Defendant or alleviate any burdens on the case schedule, particularly the May 3, 2019

10 fact discovery deadline. The Court is concerned that granting Movers' motion to withdrawal as

11 counsel, without substitute counsel available or without notice from the Plaintiff that she would

12 like to continue pro se, will cause unnecessary delays in the case.

13 Thus, the Court DENIES Movers' motion to withdraw as counsel without prejudice.

14 Plaintiff shall obtain new counsel and move to substitute, or file a notice that she would like to

15 continue pro se, within 21 days. At that time, Movers may renew their motion to withdraw as

16 counsel. The case schedule, including the May 3, 2019 close of fact discovery, remains as set.

17 **IT IS SO ORDERED.**

19 Dated: April 9, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No. 18-CV-02207-LHK
ORDER DENYING MOTION TO WITHDRAW AS COUNSEL WITHOUT PREJUDICE